IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JORDASH TANKSLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 123-029 |
| | ) | |
| INTERIM WARDEN J. KEVIN PERRY, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Before the Court is Respondent's motion to dismiss the petition for lack of exhaustion.  (Doc. no. 18.)  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED IN PART**, (id.), Petitioner's Grounds Two and Three be **DISMISSED** for failure to exhaust, and Petitioner be **ORDERED** to either (1) dismiss the petition in its entirety so that he may present to the state habeas court his unexhausted claims; or (2) notify the Court of his preference to proceed in this Court with respect to only his remaining exhausted claim in Ground One.

## I.    BACKGROUND

On September 9, 2008, Petitioner was found guilty by a jury in the Superior Court of Richmond County for burglary, armed robbery, aggravated assault, and possession of a firearm during a felony.  (See generally doc. no. 15); Richmond County Clerk of Court Web Docket, available at https://cocaugustaga.gov/mainpage.aspx (follow "Criminal Search" hyperlink; then search for "Tanksley, Jordash," open 2007RCCR01404, last visited December 20, 2023)

("hereinafter Richmond County Docket").[1]  He was sentenced to life without parole plus forty-five years.  (Doc. no. 15, p. 1.)

On October 12, 2008, October 5, 2009, and May 18, 2012, Petitioner filed motions for a new trial, which were collectively denied on May 24, 2012.  See Richmond County Docket. On September 14, 2012, Petitioner appealed the ruling to the Georgia Court of Appeals, arguing that the trial court:  (1) improperly instructed a witness, (2) erred in charging the jury, and (3) improperly sentenced him as a recidivist without proper evidence of his prior convictions.  (See generally doc. no. 15); Tanksley v. State, 743 S.E.2d 585, 587 (Ga. Ct. App. May 29, 2013), cert denied (Nov. 18, 2013).  On May 29, 2013, the Georgia Court of Appeals denied his appeal on grounds one and two and affirmed his conviction, but vacated his sentence and remanded the case to the trial court for resentencing based on ground three.  Tanksley, 743 S.E.2d at 591.  The Georgia Court of Appeals provided four reasons as to why Petitioner's argument failed with regard to his contention that the trial court improperly instructed a witness:

> First, the import of the trial court's instruction was that McNair not "lie today in [his] testimony" and not that he was required to repeat his previous testimony.
>
> Second, the transcript does not show that the trial court abused McNair or treated him in an improper manner.  Although McNair had been granted immunity for his testimony, he could "nevertheless be prosecuted or subjected to penalty or forfeiture for any perjury, false swearing, or contempt committed in testifying or failing to testify." OCGA § 24-9-28 (2008).  Thus, the trial court warned McNair against lying in the context of properly informing McNair that the grant of immunity did not extend to giving false testimony.  The trial court's statement that  McNair would be in "trouble for last time" if he had given false testimony in the first trial may have gone a little too far in that it implied, perhaps, that McNair's truthful testimony in Tanksley's trial could be used against him notwithstanding the grant of immunity, but the trial court's statement fell short of the threatening remarks to a witness which were found to violate the

_____
[1] United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

defendant's right to due process in <u>Webb</u>. . . .

Third, under <u>Webb</u>, "judicial or prosecutorial intimidation that dissuades a potential defense witness from testifying for the defense can, under certain circumstances, violate the defendant's right to present a defense." (Citation and footnote omitted.) <u>Terry</u>, 308 Ga. App. at 426. Here, however, the alleged intimidation did not dissuade a defense witness from testifying. Accordingly, Tanksley was not denied "the right to present his own witnesses to establish a defense." <u>Webb</u>, 409 U. S. at 98

Lastly, to the extent Tanksley infers that his right to due process of law was denied by the trial court's admonishment of McNair, we disagree. Due process guarantees that a criminal defendant will be treated with that fundamental fairness essential to the very concept of justice. In order to declare a denial of it a court must find that the absence of that fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevents a fair trial. (Citation and punctuation omitted.) <u>Terry</u>, 308 Ga. App. at 427. <u>See</u> <u>Frei v. State</u>, 252 Ga. App. 535, 535-536 (1) (557 SE2d 49) (2001) (notwithstanding allegation that trial court intimidated witnesses and bullied trial counsel, appellant did not receive an unfair trial). Tanksley was free to explore on cross-examination the possibility that McNair interpreted the trial court's statements as directing him not to change his previous testimony, and he did so. We conclude that the trial court's instructions to McNair did not deprive Tanksley of a fair trial, nor did the trial court err in admonishing McNair not to lie in giving his testimony.

<u>Tanksley</u>, 743 S.E.2d at 588-89. The Georgia Supreme Court denied certiorari on November 18, 2013. <u>Id.</u> at 585.

Upon resentencing in the trial court on December 30, 2014, the prosecutor provided certified copies of Petitioner's previous felonies in accordance with the Court of Appeals' decision, thus, perfecting the record. (Doc. no. 15, p. 6); <u>see also</u> Richmond County Docket. The trial court reinstated Petitioner's previous sentence and he filed another motion for a new trial on January 23, 2015, a hearing was held on March 6, 2018, and Petitioner amended the motion on December 12, 2018. <u>See</u> Richmond County Docket. The trial court denied the motion on April 23, 2020. <u>Id.</u>

On May 25, 2021, Petitioner appealed the denial of his motion on four grounds: (1) the state failed to perfect the record; (2) the resentencing violated the rule of lenity due to

ambiguity in Georgia sentencing statutes O.C.G.A. §§ 17-10-7(a)-(c); (3) the resentencing

violated the Double Jeopardy Clause so it was void as a matter of law; and (4) the resentencing

violated his right to due process because the State failed to provide certified copies of his prior

convictions before the resentencing hearing. (Doc. no. 15, p. 3); Tanksley v. State, 870 S.E.2d

92, 93-96 (Ga. Ct. App. Feb. 24, 2022).

On February 24, 2022, the Georgia Court of Appeals affirmed the denial of Petitioner's

motion for a new trial. Tanksley, 870 S.E.2d at 92. The Georgia Court of Appeals reasoned

that, under the clear statutory scheme of O.C.G.A. §§ 17-10-7 (a) and (c):

> [O]nce the trial court allowed admission of the prior felony convictions and
> found that they were three separate felonies for sentencing purposes, it "properly
> sentenced [Tanksley] to life imprisonment without parole on his armed robbery
> conviction, and in fact had no discretion to do otherwise." O.C.G.A. § 17-10-7
> (a) and (c) can be read together so that the former recidivist subsection applies
> where the defendant has one or two prior felony convictions and the latter
> provision applies when the defendant has at least three prior felony convictions.
> Because the two subsections can be read in harmony, there is no ambiguity.
> And, because there is no ambiguity, the rule of lenity does not apply.

Tanksley, 870 S.E.2d at 95 (footnotes omitted). Moreover, the appellate court went on to state

Petitioner's resentence was not void merely because of his supposed belief that once a

defendant is sentenced and begins serving that sentence, it may not be increased. Id. The court

thoroughly explained:

> Tanksley relies in part on Higdon v. Cooper, a 1981 decision in which the
> Supreme Court of Georgia stated that "[o]nce a defendant begins to serve his
> sentence it may not be increased." However, that court later stated that Higdon
> was no longer good law, clarifying: "the double jeopardy considerations that bar
> reprosecution after an acquittal do not prohibit review of a sentence that is
> statutorily permissible." As we held in Railey v. State, "a retrial to establish a
> prior conviction for the purpose of enhancing a sentence is not prohibited:
> Whether double jeopardy precludes retrial to establish a prior conviction
> depends upon whether the purpose of the conviction is to enhance the sentence
> or to prove an actual element of the offense." Here, because the prior
> convictions were not elements of the offenses and were only used for
> sentencing, this claim is without merit.

Id. (footnotes omitted).  Petitioner did not appeal this ruling to the Georgia Supreme Court or United States Supreme Court.  See Georgia Court of Appeals Web Docket, available at https://www.gaappeals.us/docket-search/ (follow "Docket Search"; search for "Jordash Tanksley," open Case Number A21A1401, last visited December 20, 2023).

 Petitioner has not filed a state habeas corpus petition.  (See generally doc. no. 15; doc. no. 18, p. 6); see also Richmond County Docket.  On September 29, 2023, Petitioner filed the instant amended § 2254 habeas petition.  (Doc. no. 15.)  Petitioner alleges:  (1) the trial court improperly instructed the state's witness to repeat testimony or risk perjury because the witness was able to read from a transcript to "refresh his memory" and Petitioner was unable to review the transcript or cross-examine him; (2) violation of Sixth Amendment speedy trial rights; and (3) violation of the Double Jeopardy clause when Petitioner was resentenced based on his two prior felony convictions due to the Rule of Lenity.  (Id. at 5-11.)  Petitioner admits that Ground Two was not presented in any of his state court appeals and claims it was due to ineffective assistance of counsel since the "trial lawyer didn't raise [the] argument before trial to place on record."  (Id. at 9, 14.)

On October 5, 2023, the Court ordered Respondent to respond to the allegations of the petition, (doc. no. 16), and on October 25, 2023, Respondent filed his answer and a motion to dismiss for lack of exhaustion.  (Doc. nos. 17-18.)  Respondent argues the petition should be dismissed because it is a mixed petition, as Ground One was decided on direct appeal and Ground Three is based on claims never presented in the state courts.  (Doc. no. 17, p. 7-10.)  Moreover, Ground Two is unexhausted and Respondent argues any claim of cause for ineffective assistance of counsel is itself unexhausted because it was never presented in the state courts.  (Id.)  Petitioner has also never filed a state habeas petition.  (Id.)  On November

15, 2023, the Court directed Petitioner to file a response to Respondent's motion to dismiss. (Doc. no. 19.)  Petitioner did not respond.[2]

## II.  DISCUSSION

### A.    The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure.  See 28 U.S.C. §§ 2254(b)(1)(A) & (c).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented."  Id. § 2254(c) (emphasis added).  A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims.  Castille v. Peoples, 489 U.S. 346, 351 (1989).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts."  Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003).  The exhaustion requirement applies with equal force to all constitutional claims.  See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342,

---

[2] Petitioner has not responded to the motion to dismiss despite a warning from the Court concerning the potential consequences if he did not respond.  (Doc. no. 19.)  Petitioner's family attempted to request a belated extension of time on December 22, 2023, vaguely citing in support of the extension the slowness of legal mail at Augusta State Medical Prison.  (Doc. no. 20.)  The Court declines to grant Petitioner an extension of time to respond.  Petitioner has had over two months since the filing of the motion to dismiss to file any response, which is ample time.

1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).  "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'"  Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion."  Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal.  Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies."  Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

When a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, a court has the option of issuing a stay and holding the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77 (2005).  However, the stay and abeyance procedure should only be used in limited circumstances when a court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Id. at 277.

**B.    Petitioner Failed to Exhaust State Remedies for Grounds Two and Three**

Here, Petitioner has only filed a direct state appeal concerning Ground One, concedes he never filed an appeal concerning Ground Two, and has never filed a state appeal based on the claims in Ground Three.  (See generally doc. nos. 15, 18.)  Moreover, Petitioner concedes

he has never filed a state habeas corpus petition.  (Doc. no. 15, pp. 13-14.)

As Respondent explains, in Petitioner's original petition, Petitioner raised claims of double jeopardy and violation of the rule of lenity.  (Doc. no. 1, pp. 9-10).  Respondent did not raise exhaustion as a defense at that time, because Petitioner's claims in the original petition were based on the same facts as those raised on direct appeal (an ambiguity between the application of various subsections of Georgia's recidivist statute and that his attorney was never given the file to review before sentencing).  (Doc. no. 13, Ex. 4).  However, in his amended petition, Petitioner bases his claims of double jeopardy and violation of the rule of lenity on the fact that two of the prior felony convictions used in aggravated were not actually separate convictions, which has not been presented to the state courts.  (Doc. no. 15, p. 10).

Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment.  Picard v. Connor, 404 U.S. 270, 275 (1971).  However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim."  St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972).

In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief."  Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling that an inordinate delay can, under certain circumstances, excuse exhaustion).  However, the Court must be mindful that "state courts are the principal forum for asserting constitutional challenges to state convictions."  Harrington v. Richter, 562 U.S. 86, 103 (2011).  Indeed, the exhaustion requirement ensures

"that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." Id.

Here, there is no indication of unreasonable delay or refusal to address a claim such that this Court should disregard the exhaustion requirement. Specific to Petitioner's claims, Georgia case law is clear that, subject to various state procedural requirements, the state courts are available for Petitioner to raise claims about sentencing, the trial court's instruction of a witness, speedy trial violations, and any infective assistance of counsel claims. See Henderson v. Hames, 697 S.E.2d 798, 801 (Ga. 2010); see also O.C.G.A. § 9-14-48(d) (describing procedural requirements for consideration of state habeas claims and setting out cause and prejudice, as well as miscarriage of justice, exceptions). Nothing in the record suggests Petitioner would be prevented from pursuing relief on his claims in the state habeas courts, and such exhaustion will allow for factual development of the claims and provide the state courts the first opportunity to correct any alleged constitutional violations.

In sum, Petitioner concedes he has not yet filed his state habeas petition, and therefore, his unexhausted claims are not properly before this Court.

### C.     Application of the Stay and Abeyance Procedure Is Not Appropriate

Generally, if a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, and the petitioner declines an opportunity to amend the petition to remove the unexhausted claims, the petition should be dismissed without prejudice, allowing the petitioner to either exhaust state remedies or file a new petition with only exhausted claims. Isaac, 470 F. App'x at 818-19 (citing Rose, 455 U.S. at 519–20). However, petitioners with mixed petitions run the risk of losing their opportunity for any federal review of their claims because a petitioner cannot control when district courts will resolve the exhaustion question, rendering numerous petitions time-barred when re-filed in federal court. Rhines, 544 U.S. at

275.  AEDPA contains a one-year statute of limitations for federal habeas corpus petitions in 28 U.S.C. § 2244(d)(1) that is tolled while a "properly filed application for state postconviction or other collateral review" is pending but is not tolled while a federal petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001); see also Thomas v. Sec'y, Dep't of Corr., No. 15-14906-E, 2017 WL 5070228, at *2 n.1 (11th Cir. July 26, 2017).

Because of this concern with AEDPA's one-year limitations period, a court may stay the case and hold the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines, 544 U.S. at 277-78; see also Isaac, 470 F. App'x at 819 (citing Rhines).  A stay and abeyance is only permitted when (1) there is good cause for the petitioner's failure to exhaust his claims first in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication the petitioner engaged in intentionally dilatory litigation tactics. Rhines, 544 U.S. at 277-78; Isaac, 470 F. App'x at 819.  If these conditions are satisfied, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition." Rhines, 544 U.S. at 278.  The stay and abeyance procedure is limited to these extraordinary circumstances because of the potential to (1) frustrate "AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings"; and (2) undermine "AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Id. at 277.

Under Rhines, the first consideration is whether dismissal without prejudice will risk any subsequently filed federal petition being time-barred, causing Petitioner to be unable to obtain federal relief. Id. at 275.  Pursuant to AEDPA, 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 petitions that runs from the latest of:

(1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Because Petitioner's latest appeal of his resentencing and motion for a new trial was denied by the Georgia Court of Appeals on February 24, 2022, his conviction became "final" when the thirty-day period to appeal this ruling expired. Wilder v. State, 806 S.E.2d 200, 200-02 (Ga. Ct. App. 2017); O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). Thus, Petitioner's conviction became final on approximately March 26, 2022.

Petitioner then had one year to file his federal habeas corpus petition or take other action to toll the one-year limitations period. The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). Petitioner, however, never filed a state habeas petition, and filed his original federal petition on March 9, 2023, (doc. no. 1),

and the instant amended petition on September 29, 2023, (doc. no. 15).  Thus, if the Court denies Petitioner's amended petition without prejudice, any further federal petition may be subject to denial under the one-year statute of limitations.

AEDPA describes three situations which may delay or reset its one-year statute of limitations:  (1) a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; (2) the State has created some "impediment" to filing the application; or (3) the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*).  The Court assumes that none of these three exceptions apply, and Petitioner does not implicate any of these arguments. (See generally doc. no. 15.)

Moreover, after examining the first factor set forth in Rhines, the Court finds a stay and abeyance is not appropriate because Petitioner has not demonstrated "good cause" for failing to exhaust the claims in state court.  544 U.S. at 277-78.  The Supreme Court and the Eleventh Circuit have not specifically defined what constitutes "good cause" under Rhines.  Schwindler v. Holt, CV 416-189, 2018 WL 2091364, at *2 (S.D. Ga. Mar. 27, 2018), *adopted by* 2018 WL 2087248 (S.D. Ga. May 4, 2018).  However, courts within the Eleventh Circuit have defined good cause liberally, finding good cause existed where an external "objective factor" not attributable to a petitioner caused his failure to exhaust, and where a *pro se* petitioner had reasonable confusion over the legal nuances of an ineffective assistance of trial counsel claim. See id.; Daly v. Jones, No. 3:15CV189/MCR/EMT, 2016 WL 3247614, at *3 (N.D. Fla. May 12, 2016), *adopted by* 2016 WL 3248385 (N.D. Fla. June 13, 2016); Cueto v. McNeil, No. 08-22655-CIV, 2010 WL 1258065, at *13 (S.D. Fla. Mar. 12, 2010), *adopted by* 2010 WL 1258088 (S.D. Fla. Mar. 30, 2010).  Another district court within the Eleventh Circuit has

concluded a petitioner did not establish "good cause" where he failed to provide any "legitimate reason" for his delay in raising the unexhausted claims. Henry v. McDonough, No. 07-61281-CIV, 2009 WL 762219, at *3 (S.D. Fla. Mar. 19, 2009).

Petitioner generally claims in his amended petition that he did not exhaust Ground Two because counsel told him the "trial lawyer didn't raise [the] argument before trial to place on record." (Doc. no. 15, pp. 9, 14.) He does not attribute this to Ground Three. (See generally id.) Although ineffective assistance of counsel may demonstrate cause, see United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000), and to the extent that Petitioner may be attempting to claim that ineffective counsel caused his failure to exhaust Ground Two, the claim itself is procedurally defaulted because Petitioner has never filed an ineffective assistance of counsel claim in his direct appeals, nor has he filed a state habeas petition. (See generally doc. nos. 15, 18.) "[H]abeas petitioners may not present particular factual instances of ineffective assistance of counsel in their federal petition that were not first presented to the state courts." Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1344 (11th Cir. 2004) (citing Footman, 978 F.2d at 1211). As explained above, the state habeas courts are clearly an available forum for Petitioner to pursue such claims and Petitioner does not argue any reasonable confusion over the legal nuances of an ineffective assistance of trial counsel claim. Henderson, 697 S.E.2d at 801; Schwindler, 2018 WL 2091364, at *2.

In sum, Petitioner has not shown good cause for failing to raise his unexhausted claims in state court. Because he cannot satisfy the three prongs set forth in Rhines, the application of the stay and abeyance procedure is inappropriate in this case.[3]

---

[3] Because Petitioner cannot meet the "good cause prong" of Rhines, the Court does not reach the "potentially meritorious" or "dilatory litigation tactics" prongs.

**D.     Petitioner Must Elect Whether to Proceed With His Exhausted Ground One or Return to State Court to Exhaust Grounds Two and Three**

Where, as here, a stay and abeyance is unwarranted, a district court must offer the petitioner a choice of either dismissing the amended petition and returning to state court or amending the habeas petition to present only exhausted claims.  Rhines, 544 U.S. at 278; King v. Chase, 384 F. App'x 972, 975 (11th Cir. 2010).  However, "when it is obvious that the unexhausted claims would be procedurally barred in state court . . . a district court can . . . just treat those claims now barred by state law as no basis for federal habeas relief."  King, 384 F. App'x at 975 (quoting Snowden v. Singletary, 135 F.3d 732, 736-37 (11th Cir.1998)).

There is no such obvious procedural bar here because Petitioner has four years from the date his conviction became final by conclusion of direct review to file a state habeas corpus petition.  See O.C.G.A. §§ 9-14-42(c), 5-6-38(a).  While a procedural bar may exist due to Petitioner's failure to present Grounds Two and Three on direct appeal, a state habeas court must still be presented these claims for a determination as to whether a showing of cause circumvents the procedural default.  See O.C.G.A. §§ 9-14-48(d); Murray v. Carrier, 477 U.S. 478, 489 (explaining if a Petitioner could raise his arguments "for the first time on federal habeas in order to show cause for a procedural default, the federal habeas court would find itself in the anomalous position of adjudicating an unexhausted constitutional claim for which state court review might still be available").

Accordingly, the Court should require Petitioner to either (1) dismiss the current amended petition in its entirety and return to state court to exhaust Grounds Two and Three; or (2) proceed in this Court only with respect to his exhausted claim in Ground One.  Petitioner should keep in mind when considering either option that any subsequently filed federal habeas petition would be subject to all provisions and limitations governing § 2254 petitions.

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED IN PART**, (doc. no. 18), Petitioner's Grounds Two and Three be **DISMISSED** for failure to exhaust, and Petitioner be **ORDERED** to either (1) dismiss the petition in its entirety so that he may present to the state habeas court his unexhausted claims; or (2) notify the Court of his preference to proceed in this Court only with respect to his exhausted claim in Ground One.

**If petitioner does not respond during the objections period, the Court will assume petitioner wishes to dismiss this petition so he can bring his unexhausted claims to state habeas court.**

SO REPORTED and RECOMMENDED this 29th day of December, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA