IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JORDASH TANKSLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 123-029 |
| | ) | |
| INTERIM WARDEN J. KEVIN PERRY, | ) | |
| | ) | |
| Respondent. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at Augusta State Medical Prison in Grovetown, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2254. Having considered all the relevant pleadings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Petitioner's § 2254 petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

### I.     BACKGROUND

On September 9, 2008, Petitioner was found guilty by a jury in the Superior Court of Richmond County of burglary, armed robbery, aggravated assault, and possession of a firearm during a felony. (See generally doc. no. 15); Richmond County Clerk of Court Web Docket, available at https://cocaugustaga.gov/mainpage.aspx (follow "Criminal Search" hyperlink; then search for "Tanksley, Jordash," open 2007RCCR01404, last visited May 10, 2024)

("hereinafter Richmond County Docket").[1]  He was sentenced to life in prison without parole plus forty-five years.  (Doc. no. 15, p. 1.)

On October 12, 2008, October 5, 2009, and May 18, 2012, Petitioner filed motions for a new trial, which were collectively denied on May 24, 2012.  See Richmond County Docket.  On September 14, 2012, Petitioner appealed the collective ruling to the Georgia Court of Appeals, arguing that the trial court:  (1) improperly instructed a state witness; (2) erred in charging the jury; and (3) improperly sentenced him as a recidivist without proper evidence of his prior convictions.  (See generally doc. no. 15); Tanksley v. State, 743 S.E.2d 585, 587 (Ga. Ct. App. May 29, 2013), cert denied (Nov. 18, 2013).  On May 29, 2013, the Georgia Court of Appeals denied Petitioner's appeal as to grounds one and two and affirmed his conviction, but vacated his sentence and remanded the case to the trial court for resentencing based on ground three.  Tanksley, 743 S.E.2d at 591.

The court provided four reasons why ground one failed, as follows:

First, the import of the trial court's instruction was that McNair not "lie today in [his] testimony" and not that he was required to repeat his previous testimony.

Second, the transcript does not show that the trial court abused McNair or treated him in an improper manner.  Although McNair had been granted immunity for his testimony, he could "nevertheless be prosecuted or subjected to penalty or forfeiture for any perjury, false swearing, or contempt committed in testifying or failing to testify." OCGA § 24-9-28 (2008).  Thus, the trial court warned McNair against lying in the context of properly informing McNair that the grant of immunity did not extend to giving false testimony.  The trial court's statement that McNair would be in "trouble for last time" if he had given false testimony in the first trial may have gone a little too far in that it implied, perhaps, that McNair's truthful testimony in Tanksley's trial could be used against him notwithstanding the grant of immunity, but the trial court's statement fell short of the threatening remarks to a witness which were found to violate the defendant's right to due process in [Webb v. Texas, 409 U.S. 95 (1972) (*per curiam*)]. . . .

---

[1] United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

> Third, under Webb, "judicial or prosecutorial intimidation that dissuades a potential defense witness from testifying for the defense can, under certain circumstances, violate the defendant's right to present a defense." (Citation and footnote omitted.) Terry, 308 Ga. App. at 426. Here, however, the alleged intimidation did not dissuade a defense witness from testifying. Accordingly, Tanksley was not denied "the right to present his own witnesses to establish a defense." Webb, 409 U.S. at 98
>
> Lastly, to the extent Tanksley infers that his right to due process of law was denied by the trial court's admonishment of McNair, we disagree. Due process guarantees that a criminal defendant will be treated with that fundamental fairness essential to the very concept of justice. In order to declare a denial of it a court must find that the absence of that fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevents a fair trial. (Citation and punctuation omitted.) Terry, 308 Ga. App. at 427. See Frei v. State, 252 Ga. App. 535, 535-536 (1) (557 SE2d 49) (2001) (notwithstanding allegation that trial court intimidated witnesses and bullied trial counsel, appellant did not receive an unfair trial). Tanksley was free to explore on cross-examination the possibility that McNair interpreted the trial court's statements as directing him not to change his previous testimony, and he did so. We conclude that the trial court's instructions to McNair did not deprive Tanksley of a fair trial, nor did the trial court err in admonishing McNair not to lie in giving his testimony.

Tanksley, 743 S.E.2d at 588-89. The Georgia Supreme Court denied certiorari on November 18, 2013. Id. at 585.

Upon resentencing in the trial court on December 30, 2014, the state provided certified copies of Petitioner's previous felony convictions in accordance with the appellate court's decision, thus, perfecting the record. (Doc. no. 15, p. 6); see also Richmond County Docket. The trial court reinstated Petitioner's previous sentence. (See id.) Petitioner filed another motion for new trial on January 23, 2015, the trial court held a hearing on March 6, 2018, and Petitioner amended the motion on December 12, 2018. See Richmond County Docket. The trial court denied the motion on April 23, 2020. Id.

On May 25, 2021, Petitioner appealed the denial of his motion on four grounds: (1) the state failed to perfect the record; (2) the resentencing violated the rule of lenity due to ambiguity in Georgia sentencing statutes O.C.G.A. §§ 17-10-7(a)-(c); (3) the resentencing

3

violated the Double Jeopardy Clause and was void as a matter of law; and (4) the resentencing violated his right to due process because the State failed to provide certified copies of his prior convictions before the resentencing hearing. (Doc. no. 15, p. 3); Tanksley v. State, 870 S.E.2d 92, 93-96 (Ga. Ct. App. Feb. 24, 2022). On February 24, 2022, the Georgia Court of Appeals affirmed denial of Petitioner's motion for a new trial. Tanksley, 870 S.E.2d at 92. Petitioner did not appeal this ruling to the Georgia Supreme Court or United States Supreme Court. (See generally doc. no. 15.) Petitioner has not filed a state habeas corpus petition. (See generally id.; doc. no. 18, p. 6); see also Richmond County Docket.

On September 29, 2023, Petitioner filed the instant § 2254 habeas petition. (Doc. no. 15.) Petitioner asserts three grounds:

> (1) the trial court improperly instructed the state's witness to repeat testimony or risk perjury;
>
> (2) violation of the Sixth Amendment right to a speedy trial; and
>
> (3) violation of the Double Jeopardy clause when Petitioner was resentenced based on his two prior felony convictions due to the Rule of Lenity.

(Id. at 5-11.) Petitioner admits Ground Two was not presented in any of his state court appeals and claims it was because trial counsel "didn't raise [the] argument before trial to place on record." (Id. at 9, 14.)

October 25, 2023, Respondent filed an answer and a motion to dismiss for exhaustion. (Doc. nos. 17-18.) On December 29, 2023, the Court entered a Report and Recommendation ("R&R") granting Respondent's motion to dismiss Grounds Two and Three for failure to exhaust, and ordering Petitioner to: (1) dismiss the petition in its entirety so that he may present to the state habeas court his unexhausted claims; or (2) notify the Court of his preference to proceed in this Court only with respect to his exhausted claim in Ground One. (Doc. no. 21.)

4

On January 2, 2024, Petitioner attempted to choose both options, (doc. no. 23), and on January 25, 2024, United States District Judge J. Randal Hall adopted the R&R and again directed Petitioner to make a singular election as to his decision to proceed, (doc. no. 27). On February 5, 2024, Petitioner elected to proceed in this Court with respect to Ground One, (doc. no. 28), and the Court directed Respondent to respond to the allegations of Ground One, (doc. no. 29).

On April 2, 2024, Petitioner filed his brief as to Ground One. (Doc. no. 30.) Petitioner reiterates his prior arguments, contending the trial court erred when instructing McNair, the state's witness, to "repeat his previous testimony or be charged with perjury." (Id. at 1.) Moreover, Petitioner asserts McNair should not have been allowed to use a prior transcript to refresh his testimony, and the threat of perjury should be considered a threat in light of Webb v. Texas, 409 U.S. 95 (1972). (Id. at 2, 5-7.) Based upon the trial court's improper intimidation of McNair, Petitioner argues he is entitled to a new trial. (Id. at 7.) In his brief, Petitioner never once mentions the trial record, nor does he discuss the Georgia Court of Appeals' decision as to Ground One. (See generally id.)

On April 12, 2024, Respondent filed his brief and accompanying exhibits. (Doc. nos. 33-35.) Respondent contends the state appellate court's decision as to Ground One merits deference, as the court found Petitioner's claim lacked merit after a thorough discussion of Georgia law and application of the facts under Webb. (Doc. no. 33, pp. 7-8.) Respondent further argues Petitioner has not shown the court's decision is contrary to or an unreasonable application of the law as set forth in Webb, nor is it based on an unreasonable determination of the facts; thus, Petitioner has not met his burden. (Id. at 9-10.)

## II. STANDARD OF REVIEW

Under § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

5

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has characterized § 2254(d) as "part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Accordingly, § 2254(d) creates a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (citations omitted).

In Brown v. Payton, 544 U.S. 133, 141 (2005), the Supreme Court explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

Id. (internal citations omitted). Thus, under § 2254(d)(1), it is not enough to demonstrate that a state court's decision is wrong; "even clear error will not suffice." White v. Woodall, 572 U.S. 415, 134 S. Ct. 1697, 1702 (2014). Rather, the habeas petition must show the state court decision was "objectively unreasonable." Wiggins v. Smith, 539 U.S. 510, 520-21 (2003); see

6

also Woods v. Donald, 575 U.S.-, 135 S. Ct. 1372, 1376 (2015) (a petitioner must show the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement."). A showing that the state court's determination was unreasonable is a substantially higher threshold than whether it was correct. Reed v. Sec'y, Fla. Dep't of Corr., 767 F.3d 1252, 1260-61 (11th Cir. 2014); Evans v. Sec'y, Dep't of Corr., 703 F.3d 1316, 1325 (11th Cir. 2013). In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 563 U.S. at 181.

Moreover, under AEDPA's highly deferential standard of review for state court factual determinations, a federal habeas court may only grant relief if a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, § 2254(e)(1) requires the Court "to presume the correctness of state courts' factual findings" unless the habeas petitioner rebuts that presumption "with clear and convincing evidence." Nejad v. Att'y Gen., State of Ga., 830 F.3d 1280, 1289 (11th Cir. 2016) (citing Schriro v. Landrigan, 550 U.S. 465, 473-74 (2007)); see also Reese v. Sec'y, Fla. Dep't of Corr., 675 F.3d 1277, 1287 (11th Cir. 2012) ("In a habeas proceeding, our review of findings of fact by the state court is even more deferential than under a clearly erroneous standard of review."). "The Supreme Court has not yet defined § 2254(d)(2)'s precise relationship to § 2254(e)(1). . . . Whatever that precise relationship may be, a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Tharpe v. Warden, 834 F.3d 1323, 1336 (11th Cir. 2016) (citing Wood v. Allen, 558 U.S. 290, 301 (2010)).

7

**III.  DISCUSSION**

Petitioner contends the trial court erred by improperly instructing McNair to testify based on immunity and ordering McNair to repeat his prior testimony or face perjury.  (See doc. nos. 15, 30.)  The state appellate court proffered four detailed reasons why this ground failed, as quoted in the factual background *supra*.  Tanksley, 743 S.E.2d at 588-89.  These four reasons are factually correct, consistent with the trial record, and legally consistent with the understanding and application of Webb and its progeny.[2]  In sum, the state appelate court's decision was neither:  (1) contrary to, or involved an unreasonable application of, clearly established Federal law; nor was it (2) based on an unreasonable determination of the facts in light of the record.  Accordingly, Petitioner is not entitled to federal habeas relief as to Ground One.

---

[2] See, e.g., Hester v. State, 465 S.E.2d 288, 289-90 (Ga. 1995) (affirming no violation of due process because court in Webb "went far beyond the judge in this case" even though the "court here may have gone a little too far in 'assuring' [the witness] he would be prosecuted for perjury if he gave conflicting testimony" because the court was "obligated to advise [the witness] of his right to not testify and warn him about the possibility of perjury charges"); Terry v. State, 707 S.E.2d 623, 626-27 (Ga. Ct. App. 2011) (affirming no violation of due process when applying Webb because prosecutor's warning of consequences of testifying did not dissuade defense witness, court did not deliver lengthy and unnecessary colloquy to drive witness off stand, witness had counsel, and witness did not invoke Fifth Amendment or refuse to answer questions); Murray v. State, 278 S.E.2d 2, 4 (Ga. Ct. App. 1981) (affirming court did not improperly instruct witness in light of Webb because instructions conveyed "the meaning and application of the privilege against self-incrimination," counsel did not state any objections, and informed court if witness intended to invoke Fifth Amendment privilege, counsel did not wish to call her); Simmons v. State, 272 S.E.2d 506, 507-08 (Ga. Ct. App. 1980) (affirming nothing in court's "colloquy suggests the overt prosecutorial attempt to intimidate a witness which was the basis of the rulings in Webb" after court and state indicated both did not want witness testimony changed or influenced since he had yet to be sentenced); see also McGlynn v. State, 803 S.E.2d 97, 101 (Ga. Ct. App. 2017) ("Although McGlynn's defense may have been hampered by the witness's eve-of-trial decision not to testify" defendant's due process rights were not violated by "witness's decision to assert his Fifth Amendment privilege following his conversation with the ADA and his own counsel"); Eschena v. State, 417 S.E.2d 214, 216 (Ga. Ct. App. 1992) (rejecting defendant's argument court violated due process and fair trial rights when prosecutor reminded witness he was "subject to prosecution for perjury for inconsistent sworn statements made to the court").

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Petitioner's § 2254 petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED AND RECOMMENDED this 10th day of May, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA